No. 30,026.

WILLIAM W. WALKER, as Executor of the Estate of William Walker, Jr., *Appellant,* v. BENJAMIN B. FOSTER, E. D. MUSTOE, FRED MOSHER and V. M. HARRIS, *Appellees.*

(9 P. 2d 631.)

Opinion filed April 9, 1932.

*Frank J. Horton, Charles G. Dockhorn,* both of Goodland, and *E. H. Benson,* of Colby, for the appellant.

*E. F. Beckner,* of Colby, *C. A. Spencer* and *J. H. Jenson,* both of Oakley, for the appellees.

The opinion of the court was delivered by

SMITH, J.: This was an action to recover money on an alleged contract to harvest and thresh wheat and to enforce a thresherman's lien.

The petition alleged a contract between plaintiff and E. D. Mustoe, agent for Benjamin B. Foster, the owner of the wheat, for its harvesting and threshing at an agreed price. It also alleged the filing of a thresherman's lien. It also alleged the sale of the wheat that was harvested and threshed to Fred Mosher and V. M. Harris. E. D. Mustoe and Benjamin B. Foster answered by way of a general denial and further alleged in their answer that they employed one A. M. Stephens to harvest and thresh the wheat; that said Stephens did harvest and thresh it and that settlement had been made for that work with Stephens.

Fred Mosher and V. M. Harris answered denying the allegations of the petition and admitting that they bought wheat from E. D. Mustoe, but stating that they did not know where this wheat was grown, and that it was purchased long before the filing of the lien, and that they did not know that plaintiff claimed any lien till the filing of this suit.

Motions of appellees Mosher and Harris for judgment on the pleadings were sustained on the ground that the petition did not allege any demand on them by plaintiff. This order is complained

of in the brief of appellant, but it was not appealed and is not properly here for review. A similar motion on the part of E. D. Mustoe was sustained on the ground that he was only agent for Benjamin Foster.

Before the trial William Walker, Jr., died and the suit was revived in the name of William Walker, his executor. On the trial of the case a demurrer of defendant Foster to the evidence of plaintiff was sustained. From that order this appeal is taken. When the opening statement of appellee was made counsel stated that the contract sued on had been made between Mustoe and Stephens, but that Stephens with the knowledge of Mustoe had turned it over to Walker. In view of this, the burden of proof which appellant was compelled to sustain was that the contract had been made between Stephens and Mustoe and that it had been assigned to Walker by Stephens with the knowledge of Mustoe. There is evidence in the record from which it could be inferred that Walker sent men to operate a combine machine on the land owned by Foster, but there is a failure of proof that Mustoe, the agent of Foster, knew that these men were working under a contract between Mustoe and Stephens, which had been assigned to Walker.

The judgment of the trial court is affirmed.